

# BEVERLEY MCGREW WALKER
## DISTRICT CLERK
### FORT BEND COUNTY, TEXAS

March 20, 2019

TO: **ZAIDA VILLEGAS**
**GAULT NYE & QUINTANA**
**4141 S STAPLES ST**
**CORPUS CHRISTI TX 78411**

Re: Cause No. **19-DCV-258995**      **240TH JUDICIAL DISTRICT COURT**
**QURBAN MOMIN, YASMIN MOMIN VS OCCIDENTAL FIRE & CASUALTY**
**COMPANY OF NORTH CAROLINA**

Dear **ZAIDA VILLEGAS:**

Please find enclosed the following:

**CERTIFIED COPIES OF THE ENTIRE CASE FILE 19-DCV-258995 - MOMIN.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**

By: _____
Deputy District Clerk **Joyce Walshak**
Telephone: (281) **341-4464**



EXHIBIT

B

**Physical Address**
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas  77469

http://www.fortbendcountytx.gov
Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson Street
Richmond, Texas  77469

Filed
1/22/2019 4:03 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
James Burnett

CAUSE NO. **19-DCV-258995**

| | | |
|---|---|---|
| **QURBAN MOMIN,** | § | **IN THE DISTRICT COURT** |
| **YASMIN MOMIN,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA,** | § | Fort Bend County - 240th Judicial District Court |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, QURBAN MOMIN and YASMIN MOMIN (the "MOMINS" and/or "Plaintiffs"), and complains of OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA ("OCCIDENTAL" and/or "Defendant"). In support of such claims and causes of action, Plaintiffs respectfully show unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiffs affirmatively plead this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiffs seek monetary relief over $100,000.

### II. PARTIES

2.1     Plaintiffs, QURBAN MOMIN and YASMIN MOMIN, are residents of Fort Bend County, Texas.

2.2     Defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, is a foreign company engaged in the business of insurance in this state. It may be

PLAINTIFFS' ORIGINAL PETITION



served with process by serving its registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found. Plaintiffs request citation be issued and E-served to Plaintiffs' attorney's office at this time if possible; or mailed back to Plaintiffs' attorney's office if not.

### III. JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2    Venue is proper in Fort Bend County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Fort Bend County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

4.1    Whenever in this Petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

5.1    All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1    The MOMINS are the owners of a Texas Homeowner's Policy number TXH113670501 issued by OCCIDENTAL (the "Policy").

6.2    The MOMINS own the insured property, which is specifically located at 638 High Meadows Drive, Sugar Land, TX 77479(the "Property").



6.3     OCCIDENTAL, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiffs.

6.4     On or about May 23, 2017, the MOMINS experienced a storm(s) that damaged the Property. In its track, the storm(s) left behind widespread damage to the Property, Plaintiffs' home.

6.5     The MOMINS timely submitted a claim to OCCIDENTAL. OCCIDENTAL assigned various adjusters to adjust the claim. However, OCCIDENTAL and its agents were not diligent in investigating Plaintiffs' loss. OCCIDENTAL failed to timely and accurately investigate the covered loss. OCCIDENTAL assigned claim number 136705379722 to the MOMINS' claim.

6.6     Ultimately, OCCIDENTAL, inspected the MOMINS' property after the storm(s). During the inspection, OCCIDENTAL, was tasked with the responsibility of conducting a thorough and reasonable investigation of the MOMINS' claim, including determining the cause of, and then quantifying the damage done to the MOMINS' home.

6.7     OCCIDENTAL prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant OCCIDENTAL demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant OCCIDENTAL failed to fairly evaluate and adjust the MOMINS' claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to the MOMINS, OCCIDENTAL engaged in unfair settlement practices by misrepresenting material facts to the MOMINS.

6.9     Defendant OCCIDENTAL failed to perform its contractual duty to adequately compensate the MOMINS under the terms of the Policy. Specifically, Defendant



OCCIDENTAL failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the MOMINS.  Defendant OCCIDENTAL's conduct constitutes a material breach of the insurance contract.

6.10    Defendant OCCIDENTAL misrepresented to the MOMINS that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant OCCIDENTAL's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the MOMINS.  Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant OCCIDENTAL failed to make an attempt to settle the MOMINS' claims in a prompt and fair manner, although they were aware of its liability to the MOMINS was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant OCCIDENTAL failed to explain to the MOMINS why full payment was not being made.  Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle the MOMINS' claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant OCCIDENTAL failed to affirm or deny coverage of the MOMINS' claim within a reasonable time.  Specifically, the MOMINS did not receive timely indication of



acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant OCCIDENTAL refused to fully compensate the MOMINS under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant OCCIDENTAL performed a results/outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of the MOMINS' losses to the Property.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant OCCIDENTAL misrepresented the insurance policy sold to the MOMINS by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant OCCIDENTAL failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of the MOMINS' claim, and requesting all information reasonably necessary to investigate the MOMINS' claim within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18    Defendant OCCIDENTAL failed to accept or deny the MOMINS' full and entire claim within the statutory mandated deadline of receiving all necessary information.



Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendant OCCIDENTAL failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, the MOMINS have not yet received full payment for their claim.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time the MOMINS' claim was presented to Defendant OCCIDENTAL, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant OCCIDENTAL has refused to pay the MOMINS in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, the MOMINS were forced to retain the professional services of the attorney and law firm who are representing the MOMINS with respect to these causes of action.  On or about July 18, 2018,  the MOMINS' counsel sent a letter of representation requesting various documents related to the storm(s), including a certified true copy of the complete policy covering the property on the date of loss, with all endorsements.

6.22    On or about August 15, 2018, the MOMINS' counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") Demand letter to the Defendant.  The letter gave Defendant a statement of the acts or omissions giving rise to the claim and included the specific amount alleged to be owed by the insurer on the claim for damage to or loss of a covered property, as well as the amount of reasonable and necessary



attorney's fees incurred by Plaintiffs as of the date of the Notice.  The letter also informed Defendant of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiffs' claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations.  The Notice and Demand letter provided Defendant with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs.  Defendant acknowledged the letter of representation six months later on January 9, 2019, however, never acknowledged the DTPA and Insurance Code; satisfying the sixty-one day statutory notice requirement, as well as the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a Petition is to be filed.

6.23    To date, Defendant OCCIDENTAL has failed to and refused to pay the MOMINS for the proper repair of the property.  The MOMINS' experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

### VII.  COUNTS

7.1    Plaintiffs incorporate by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

### 7.2    COUNT 1 – BREACH OF CONTRACT

a.    At the time of the loss, Plaintiffs had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiffs were the insureds of the contract. Plaintiffs fully performed their contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material



provisions of the Policy.

  b.  According to the Policy that Plaintiffs purchased, Defendant OCCIDENTAL had the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiffs' home has been damaged.

  c.  Defendant OCCIDENTAL's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant OCCIDENTAL's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

### 7.3  COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.

  a.  Under the Texas Insurance Code, Defendant OCCIDENTAL had a duty to investigate and pay Plaintiffs' claim under the Policy in a timely manner. Defendant OCCIDENTAL violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

  b.  All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition. Defendant



OCCIDENTAL is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

      c.     Additionally, if it is determined Defendant OCCIDENTAL owes Plaintiffs any additional money on Plaintiffs' claim, then Defendant has automatically violated Chapter 542 in this case.

### 7.4    COUNT 3 – UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.

      a.     As an insurer, Defendant OCCIDENTAL owes statutory duties to Plaintiffs as its insured. Specifically, the Texas Insurance Code prohibits Defendant OCCIDENTAL from engaging in any unfair or deceptive act or practice in the business of insurance.

      b.     By its acts, omissions, failures, and conduct, Defendant OCCIDENTAL has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiffs' claim, plus Defendant's failure to pay for the proper repair of the Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant OCCIDENTAL are guilty of the following unfair insurance practices:

          i.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

          ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;



---

      iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

      iv.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

      v.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

      vi.    Misrepresenting the insurance policy sold to Plaintiffs by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

      c.    Defendant OCCIDENTAL has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this Petition.

      d.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5  **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

      a.     Plaintiffs are individuals who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant.  They also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA.  This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code.  The Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

      b.     By its acts, omissions, failures, and conduct that are described in this Petition, Defendant OCCIDENTAL has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA.  In this respect, Defendant's violations include without limitation:

         i.     Unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiffs as to whom was representing whom, and had whose best interests in mind.  This gives Plaintiffs the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

        ii.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

---



iii.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(12) of the DTPA;

v.     Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiffs the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and / or implied warranty that the damage caused by the subject storm(s) would be covered under the insurance policies. This entitles the Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.     Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed. This gives Plaintiffs the right to recover under Section 17.46(b)(24) of the DTPA;

viii.     Defendant's actions, as described in this Petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability,



and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

    ix.    Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

    c.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

## 7.6    COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

    a.    By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim, and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

## 7.7    COUNT 6 – MISREPRESENTATION

    a.    Defendant OCCIDENTAL is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation.

Defendant OCCIDENTAL did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made by Defendant OCCIDENTAL or its agents, with the intention that they should be relied upon and acted upon by Plaintiffs, who relied on the misrepresentations to their detriment.   As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.   Defendant OCCIDENTAL is liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiffs.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this Petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiffs' damages, which include, without limitation, (1) the cost to properly repair Plaintiffs' home, (2) any investigative and engineering fees incurred by Plaintiffs, (3) court costs, and (4) attorney's fees.  The Plaintiffs are entitled to recover consequential damages from Defendants' breach of contract.  The Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus interest on the amount of the claim, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003 of the Texas Finance Code, accruing beginning on the date the claim was required to be paid.  This interest is in addition to prejudgment interest.



9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages. Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiffs are entitled to recovery of up to three times actual damages. Plaintiffs are further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this Petition, Plaintiffs have been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees. Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. DISCOVERY

11.1    Under Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l). Plaintiffs' Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this Petition, and incorporated herein by reference.

## XII. JURY DEMAND

12.1    Plaintiffs demand a jury trial and tenders the appropriate fee with this Petition.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs QURBAN MOMIN and YASMIN MOMIN pray that Defendant OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ Jesse S. Corona_

Jesse S. Corona

Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office:  (281) 882-3531
Facsimile:  (713) 678-0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## PLAINTIFFS' REQUESTS FOR DISCLOSURE
## TO DEFENDANT, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

TO: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information requested below.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct names of the parties to the lawsuit.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.
**RESPONSE:**



**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:
1) the expert's name, address, and telephone number;
2) the subject matter on which the expert will testify;
3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
   A. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
   B. the expert's current resume and bibliography.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements described in Rule 192.3(f).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements described in Rule 192.3(g).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements described in rule 192.3(h).
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** In a suit alleging physical or mental injury and damages from occurrence that is the subject of case, all medical records and bills that are reasonably related to the injuries or damages asserted or in lieu thereof, an authorization permitting the disclosure of such medical records and bills.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(k):** In a suit alleging physical or mental injury and damages from occurrence that is the subject of case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.
**RESPONSE:**



## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

TO:   OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant

COME NOW, QURBAN MOMIN and YASMIN MOMIN, Plaintiffs in the above styled and numbered cause, and requires that OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant, answer the following Requests for Production pursuant to Rule 196.3 of the Texas Rules of Civil Procedure, and Plaintiffs requires that answers to same and copies of the original documents be served upon THE CORONA LAW FIRM, PLLC. Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

### INSTRUCTIONS AND DEFINITIONS

1.     Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below designated documents.

The following terms shall have the meaning indicated below:

a.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, or any other kind of entity or its agents, servants and employees.
b.  "Document" means any printed, typewritten, mechanically or otherwise recorded matter of whatever character including but not without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statement, investigative reports,



announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original; and anything else in writing. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom, or (4) otherwise disposed of, and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

c.  "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said party.

d.  "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express of implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.  "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f.  "Occurrence," "collision," "incident" and/or "wreck" and/or the phrase "collision made the basis of this suit" shall mean the accident, event or happening as set forth in the Plaintiff's petition complaint that has given rise to this lawsuit.

g.  When asked to "describe" a document, state the title, subject matter, author, date, addressee, file designation and other identifying designation and the present locations and custodian of the document.

h.  The term "statement" includes any written statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, magnetic, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or statements as are defined in Texas Rule of Civil Procedure 192.3(h).

i.  "Mobile device" means cellular telephone, smartphone, satellite telephone, pager, personal digital assistant ("PDA"), iPad, Google Tablet or any such similar device.

j.  As used herein, the term "information" should be construed in the broad sense. It includes reference to both facts and applicable principles. This word should not be construed to be limited by any method of acquisition or compilation and, therefore, includes oral information as well as documents.

k.  As used herein, the terms "identify" and/or "identity" mean to provide the following: (1) With regard to natural persons, state the name, last known telephone number and last known address of the person; the name, address and telephone number of the employer of such person; if "you" have a business relationship, direct or indirect with such person, or   his employer, state the nature of such business relationship; (2) With respect to any entity, which is not a natural person, state the name, telephone number and last known address of such entity; state the nature of such entity; and if "You" have any business relationship with such entity, either direct or indirect, state the nature of such relationship.

l.  The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, among two or more persons.

---

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                                   PAGE -21-



m. The term "or" and the term "and" means the term both "or" and "and" in both conjunctive and disjunctive.

n. The term of any singular form of a term shall include the plural, and the use of a plural form of a term shall include the singular.

## PRIVILEGED OR PROPRIETARY DOCUMENTS

2. If any document requested is withheld on the basis of any claim of privilege, you are hereby requested to produce a privilege log in compliance with the Texas Rules of Civil Procedure within 15 days of service of your responses containing the below information:

a. Identifying the person or persons who prepared or authored the document and, if applicable, the person or persons to whom the document was sent or shown;

b. Specifying the date on which the document was prepared or transmitted;

c. Identifying the subject matter of the document;

d. Describing the nature of the document (e.g., letter, telegram, etc.);

e. Stating the number of pages, attachments, and appendices;

f. Stating the identity of each person who had access to, custody of, and who received a copy of the document;

g. Identifying the present custodian;

h. Stating the reason why the document was not produced;

i. Stating briefly why the document is claimed to be privileged or to constitute work product; and

j. Identifying the paragraph of this request to which the document relates.

3. If any document relates in any way to a meeting or to any conversation, all participants in the meeting or conversation are to be identified.

## ELECTRONICALLY STORED INFORMATION

4. For electronically stored information, please produce, no later than the date of the commencement of the document production, a discovery log that details the type of information, the source of information, the discovery request to which the information corresponds, and the information's electronic ID number. Write all the electronically stored information to a reasonably usable storage media, such as a CD, DVD, or Flash Drive.

5. For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

## LOST OR DESTROYED DOCUMENTS

6. If any document requested has been lost, discarded, or destroyed, you are requested to submit a written statement no later than the date of the commencement of the document production, identifying as completely as possible each such document so lost, discarded or destroyed. Identification of each such document shall include the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal and persons disposing of the company.

## PRESERVATION OF EVIDENCE

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

7.   IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

## DUTY TO SUPPLEMENT RESPONSES

8.   Please be further advised that pursuant to Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your answers to these Requests for Production reasonably promptly after you discover the necessity of supplementation. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information. Pursuant to Rule 193.6 of the Texas Rules of Civil Procedure, should you fail to properly supplement your answers, the Court may forbid you from introducing into evidence the material or information that was not timely disclosed, or from offering testimony of a witness who was not timely identified. If individuals with knowledge of relevant facts come to your attention after serving answers to these Requests for Production, or if any such individuals, employees, or agents of the Defendant change employment or move before trial, Plaintiff requests that to be timely informed of such developments.

## FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   The insurance policy in effect on the date of Plaintiffs' claims(s) making the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiffs' claim(s) making the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

---



**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All communications and documents including electronic between Defendant and Plaintiffs regarding Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant and any third party regarding Plaintiffs' claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the property, after Plaintiff's claim(s) for coverage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's property.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all claim(s) files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and



---

claim documents, regarding all homeowner insurance claims made by Plaintiff under Plaintiff's homeowner insurance policy/policies with Defendant, specifically regarding damage to the exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents,



regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damages, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials meant to instruct and guide Defendant's claims adjuster under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 541.06 and/or Article 21.21. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handing, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 33:**  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents, and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims., commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  Any and all materials, documents, files, and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s).  Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**  Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**  Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s).  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within



different geographical areas of the State of Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant.  This request is limited to the State of Texas.  This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit.  This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**  Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**  Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  Any and all organizational charts for Defendant.



**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  Any and all claim(s) and underwriting files for each claim(s) involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**  Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**  Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**  Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**  Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim(s) made the basis of this Lawsuit, from the time of hiring through the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**  Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim(s) made the basis of this lawsuit, from the time of hiring through the present.
**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 58:**   Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**   If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**   Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim(s) made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**   All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**   Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**   Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**   All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**   All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to

---



the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** All computer files, databases, electronically-stored information or computer-stored information regarding the property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claims(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited dates, changes and requested made by the adjusters. This request is limited to last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Any and all lawsuit involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claim files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.
**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 76:**  Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**  Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**  Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**  Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**  Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**  Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**  Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**  Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:**  Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training.  This request is limited to the last five (5) years.



**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**  Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gather and produced in earlier complaints or lawsuits.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**  Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:**  Copies of the front and back of each negotiated check made payable to solely or co-payable to Plaintiff under Plaintiff's insurance policy in effect during the time of the insurance claim(s) made the basis of this lawsuit, and which was issued by Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:**  Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**  Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help it improve corporate profits.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**  Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in all other cases involving the same or similar allegations in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:**  The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**  All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**  Please produce your Claims Service record related to the claim(s) that form(s) the basis of this lawsuit.
**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 94:**  Please produce your Activity Log related to the claim that forms the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:**  Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiffs or were served with the Petition in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:**  Produce all reinsurance treaties that potentially apply to the insurance policy in related to the claim, whether or not you have or will notify the reinsurer of the claim.
**RESPONSE:**



## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH
## CAROLINA

TO:    OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant

COME NOW, QURBAN MOMIN and YASMIN MOMIN, Plaintiffs in the above styled
and numbered cause, and requires that OCCIDENTAL FIRE & CASUALTY COMPANY OF
NORTH CAROLINA, Defendant, answer the following interrogatories under the provisions of
Rule 197 of the Texas Rules of Civil Procedure, and Plaintiffs requires that answers to same be
served upon the THE CORONA LAW FIRM, PLLC no later than fifty (50) days after the date of
the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ Jesse S. Corona

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

### INSTRUCTIONS AND DEFINITIONS

1.     The undersigned party propounds the attached questions to you under the
provisions of Rule 197 of the Texas Rules of Civil Procedure.  These questions are being served
on your attorney and answers to the Interrogatories should, to the extent possible, be answered in
the spaces provided; and if additional space is needed, please use additional sheets or the back of
the preceding page.  You are notified that this party specifies that the answers shall be filed and
served upon the undersigned on or before the expiration of thirty (30) days from the date of the
service of these questions; and the questions and your sworn answers may be offered in evidence
at the trial of this lawsuit.

2.     In answering these questions, please furnish all information available to you,
including information in the possession of your attorney, or its investigators, and all persons
acting in your behalf, and not merely such information known of your own personal knowledge.
If you cannot answer the Interrogatory in full after exercising due diligence to secure the
information, so state in your answer and, to the extent possible, answer stating whatever
information or knowledge you have.



3.  In each question wherein you are asked to identify a person, please state with respect to such person his full name, last known address and home telephone number. If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

4.  In those instances where you choose to answer an Interrogatory for information by referring to a specific document or record, it is requested that such specification be in such sufficient detail to permit the requesting party to locate and identify the records and/or documents from which the answer can be ascertained.

5.  To the extent any Interrogatory is objected to, please set forth the complete basis for the objection. If you object to only a portion of a particular Interrogatory, specifically identify the portion of the Interrogatory to which you are objecting and answer the remainder completely. If you claim privileges as grounds for not answering any Interrogatory in whole or in part, state the privilege you are asserting, describe the factual basis for your claim of privilege, including relevant dates and persons involved, in sufficient detail so as to permit the court to adjudicate the validity of the assertion, and please state whether information and/or documents are being withheld pursuant to the assertion of an objection/claim of privilege.

6.  Under Rule 193, an objection that an interrogatory or request for production is overly broad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the request or interrogatory, and to make that portion of the discovery, which is not subject to such limitations.

The following terms shall have the meaning indicated below.

a.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, or any other kind of entity or its agents, servants and employees.

b.  "Document" means any printed, typewritten, mechanically or otherwise recorded matter of whatever character including but not without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statement, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original; and anything else in writing. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom, or (4) otherwise disposed of, and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

c.  "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said party.

d.  "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express of implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.  "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.



f. "Occurrence," "collision," "incident" and/or "wreck" and/or the phrase "collision made the basis of this suit" shall mean the accident, event or happening as set forth in the Plaintiff's petition complaint that has given rise to this lawsuit.

g. When asked to "describe" a document, state the title, subject matter, author, date, addressee, file designation and other identifying designation and the present locations and custodian of the document.

h. The term "statement" includes any written statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, magnetic, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, or statements as are defined in Texas Rule of Civil Procedure 192.3(h).

i. "Mobile device" means cellular telephone, smartphone, satellite telephone, pager, personal digital assistant ("PDA"), iPad, Google Tablet or any such similar device.

j. As used herein, the term "information" should be construed in the broad sense. It includes reference to both facts and applicable principles. This word should not be construed to be limited by any method of acquisition or compilation and, therefore, includes oral information as well as documents.

k. As used herein, the terms "identify" and/or "identity" mean to provide the following: (1) With regard to natural persons, state the name, last known telephone number and last known address of the person; the name, address and telephone number of the employer of such person; if "you" have a business relationship, direct or indirect with such person, or   his employer, state the nature of such business relationship; (2) With respect to any entity, which is not a natural person, state the name, telephone number and last known address of such entity; state the nature of such entity; and if "You" have any business relationship with such entity, either direct or indirect, state the nature of such relationship.

l. The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, among two or more persons.

m. The term "or" and the term "and" means the term both "or" and "and" in both conjunctive and disjunctive.

n. The term of any singular form of a term shall include the plural, and the use of a plural form of a term shall include the singular.

## REQUEST FOR PRIVILEGE LOG

7.      With respect to any documents or information claimed to be privileged and therefore exempt from discovery, request is hereby made that you produce a privilege log in compliance with the Texas Rules of Civil Procedure within 15 days of service of your responses.

## DUTY TO SUPPLEMENT RESPONSES

8.      Please be further advised that pursuant to Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your answers to these Interrogatories reasonably promptly after you discover the necessity of supplementation.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.  Pursuant to Rule 193.6 of the Texas Rules of Civil Procedure, should you fail to properly supplement your



answers, the Court may forbid you from introducing into evidence the material or information that was not timely disclosed, or from offering testimony of a witness who was not timely identified. If individuals with knowledge of relevant facts come to your attention after serving answers to these Interrogatories, or if any such individuals, employees, or agents of the Defendant change employment or move before trial, Plaintiff requests that to be timely informed of such developments.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  State the name, address, telephone number, and position or job title of all persons answering these interrogatories.
**ANSWER:**

**INTERROGATORY NO. 2:**  State whether Defendant contends that any conditions precedent to Plaintiffs' recovery has not been met, whether said conditions be stated in the insurance policy or required by law.  If so, state what conditions have not been met.
**ANSWER:**

**INTERROGATORY NO. 3:**  List the date(s) Defendant requested that Plaintiffs provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s).
**ANSWER:**

**INTERROGATORY NO. 4:**  Please state the following concerning notice of claim and timing of payment:  (a) the date and manner in which Defendant received notice of the claim; (b) the date and manner in which Defendant acknowledged receipt of the claim; (c) the date and manner in which Defendant commenced investigation of the claim; (d) the date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and (e) the date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.
**ANSWER:**

**INTERROGATORY NO. 5:**  State whether Defendant contends that Plaintiffs did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s).  If so, state what information was requested and not provided, and the dates of the requests.
**ANSWER:**

**INTERROGATORY NO. 6:**  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor identified person.  For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.
**ANSWER:**

---



**INTERROGATORY NO. 7:** State ever basis, in fact and in the terms of Plaintiffs' policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiffs' claims.
**ANSWER:**

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiffs' policy, for Defendant's failure to pay the Plaintiffs' full claims.
**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060, formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.
**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual basis, for your contention that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code § 541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiffs' reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledged of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.056, in that Defendant followed all statutory deadlines by notifying Plaintiffs' in writing the acceptance or rejection of Plaintiffs' claim no later than the 15th business day after receipt of any requested information from Plaintiffs', in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified



in Tex. Ins. Code § 542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiffs' current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 14:**   State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 15:**   State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 16:**   For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint.  If the response is yes, for any such complainant, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 17:**   For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 18:**   Identify by name, address, and telephone number, all persons and/or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this lawsuit, from the time of hiring through the present.
**ANSWER:**

**INTERROGATORY NO. 19:**   Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiffs regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the



name of the person taking the statement.  Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.
**ANSWER:**

**INTERROGATORY NO. 20:**  Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiffs' policy.
**ANSWER:**

**INTERROGATORY NO. 21:**  Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiffs' Policy including the Property made basis of the claim(s).
**ANSWER:**

**INTERROGATORY NO. 22:**  Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiffs' claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.
**ANSWER:**

**INTERROGATORY NO. 23:**  For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 24:**  When was the date Defendant anticipated litigation?
**ANSWER:**

**INTERROGATORY NO. 25:**  For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 26:**  Does Defendant claim that Plaintiffs failed to mitigate their damages?  If so, describe how Plaintiffs failed to do so, identifying any resulting prejudice caused to Defendant.
**ANSWER:**

**INTERROGATORY NO. 27:**  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this lawsuit, identifying the criteria for that determination.
**ANSWER:**

**INTERROGATORY NO. 28:**  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.
**ANSWER:**



---

**INTERROGATORY NO. 29:** Identify all price lists used to prepare all estimates on the claim made the basis of this lawsuit, stating the manufacturer version, date and geographical area.
**ANSWER:**



## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH
## CAROLINA

TO:   OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant

COME NOW, QURBAN MOMIN and YASMIN MOMIN, Plaintiffs in the above styled and numbered cause, and requires that OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant, answer the following Requests for Admissions, and Plaintiffs requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**


By: _/s/ Jesse S. Corona_

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg E
Houston, Texas 77066
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

### FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit the Defendant's principal place of business is Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 2:** Admit the Defendant conducts the business of insurance in Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 3:** Admit the Defendant insured Plaintiffs' property against wind and hail damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 4:** Admit the Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.

---

PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS                                    PAGE -43-



**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 5:** Admit the Plaintiffs' property sustained wind damage as a result of the windstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 6:** Admit the Plaintiffs' roof sustained wind damage as a result of the windstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 7:** Admit the windstorm(s) created openings in Plaintiffs' roof whereby water leaked into the interior of Plaintiffs' home causing damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 8:** Admit the as a result of water leaking into Plaintiffs' home, Plaintiffs' personal property was damaged.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 9:** Admit the exterior of Plaintiffs' home sustained wind damage as a result of the windstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 10:** Admit the windstorm(s) that damaged Plaintiffs' property was a covered occurrence under Plaintiffs' insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 11:** Admit the Plaintiffs' property sustained hail damage as a result of the hailstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 12:** Admit the Plaintiffs' roof sustained hail damage as a result of the hailstorm(s) that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 13:** Admit the exterior of Plaintiffs' home sustained hail damage as a result of the hailstorm(s).
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 14:** Admit Plaintiffs' personal property was damaged as a result of the hailstorm(s).
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 15:** Admit the hailstorm(s) that damaged Plaintiffs' property was a covered occurrence under Plaintiffs' insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**



**REQUEST FOR ADMISSION NO. 16:**  Admit the Defendant improperly and unreasonably adjusted Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 17:**  Admit the Defendant performed an outcome-oriented investigation of Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 18:**  Admit the Defendant did not conduct a reasonable investigation of Plaintiffs' damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 19:**  Admit the Defendant has unreasonably delayed payment to the Plaintiffs and failed to fairly settle Plaintiffs' claim even though liability was reasonably clear.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 20:**  Admit the Defendant was not open and honest in its adjustment of Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 21:**  Admit the Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 22:**  Admit the Defendant misrepresented to Plaintiffs that the damage to Plaintiffs' Property was not covered under the Policy.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 23:**  Admit the Defendant misrepresented to Plaintiffs that the damage to Plaintiffs' Property did not need to be replaced.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 24:**  Admit the Defendant was aware that the damage to Plaintiffs' Property warranted replacement and not repair.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 25:**  Admit the Defendant took advantage of Plaintiffs' lack of knowledge and expertise.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 26:**  Admit the Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiffs' claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 27:**  Admit the Defendant made material false representations and/or material false promises to Plaintiffs.
**ADMIT OR DENY:**



**REQUEST FOR ADMISSION NO. 28:**  Admit the Defendant intended that Plaintiffs would rely on these false representations and upon which Plaintiffs did reasonably rely to its detriment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 29:**  Admit the Defendant breached its insurance contract with Plaintiffs.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 30:**  Admit the Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 31:**  Admit the Defendant purposely denied and/or underpaid Plaintiffs' claim in order to continue making profit off of Plaintiffs.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 32:**  Admit the Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 33:**  Admit the Defendant provided a bonus to its adjuster in relation to Plaintiffs' claim.
**ADMIT OR DENY:**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Disclosure, Request for Production, First Set of Interrogatories, and Requests for Admissions has been served upon Defendant by serving its Registered Agent at the same time Defendant was served with a copy of Plaintiffs' Original Petition.

By: _/s/ Jesse S. Corona_
　　　Jesse S. Corona

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This _19_ day of _March_ 20 _19_

BEVERLEY MCGREW WALKER

By _Joyce Walshak_ Deputy

JOYCE WALSHAK



**19-DCV-258895**

Fort Bend County 240th Judicial District Court
**ANNIE REBECCA ELLIOTT**

**Fort Bend County District Clerk**
**301 Jackson, Richmond, TX 77469**

Filed
1/22/2019 4:03 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
James Burnett

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
### All sections __must__ be completed for processing this request.

**Section 1:**
Cause No. _____          Date   January 22, 2019 _____
Style:
Qurban Momin and Yasmin Momin
_____

VS
Occidental Fire & Casualty Company of North Carolina
_____

**Section 2:**
## Check Process Type:

☑ Citation   ☐ Precept to Serve / Notice of Hearing   ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment   ☐ Citation by Posting

☐ Citation by Secretary of State   ☐ Citation by Commissioner of Insurance

☐ Writ of _____          ☐ Other _____

☐ Citation by Publication* - Newspaper: _____

\* All publications are sent to: **Fort Bend Herald** 1902 South Fourth Street, Rosenberg TX 77471 **unless another newspaper is specified** – FBC Constable will __only__ serve within their jurisdiction.

### REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM

**Section 3:**
### Title of Document/Pleading to be attached for service: Plaintiffs' Original Petition
with Discovery.

**Please prepare a citation for Defendant, and e-file file stamped Citation to Plaintiffs' counsel's office for service by a private process server. Thank you.**

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: Occidental Fire & Casualty Company of North Carolina, c/o CT Corporation System

   Address: 1999 Bryan Street, Suite 900

   City: Dallas _____   State: Texas _____   Zip: 75201-3136

2. Name: _____

   Address: _____

   City: _____   State: _____   Zip: _____

2 of 2

3. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

4. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

5. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type*:

☐   Constable                    ☐   Sheriff

☐   Certified Mail               ☐   Registered Mail (Out of Country)

*Additional Fees Apply

**Section 6 (ONLY if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Jesse S. Corona
_____

Address: 12807 Haynes Road, Bldg E.
_____
                          Street/P.O. Box

Houston                              Texas                    77066
_____      _____      _____
        City                                State                      Zip

Telephone No. 281-882-3531      Bar No. TBN: 24082184

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____
                          Street/P.O. Box

_____      _____      _____
        City                                State                      Zip

Telephone No. _____ Email Address _____

## Pro-se Service Only:

☐ e-Service*    ☐ Mail to Pro-se Party*    ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This _19_ day of _March_ 20_19_

BEVERLEY MCGREW WALKER

By _____ Deputy

JOYCE WALSHAK

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:   **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA
REGISTERED AGENT CT CORPORATION SYSTEMS
1999 BRYAN STREET SUITE 900
DALLAS TX  75201-3136**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **January 22, 2019,** a default judgment may be taken against you.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-258995** and is styled:

**QURBAN MOMIN, YASMIN MOMIN VS OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

The name and address of the attorney for **PLAINTIFF** is:

**JESSE S. CORONA
THE CORONA LAW FIRM PLLC
12807 HAYNES ROAD BLDG E
HOUSTON TX  77066**
281-882-3531

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 30th day of January, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _Katherine Chambers_
Deputy District Clerk **KATHERINE CHAMBERS**
Telephone: **(281) 344-3959**



ORIGINAL

**19-DCV-258995** **240th Judicial District Court**
**Qurban Momin, Yasmin Momin vs Occidental Fire & Casualty Company of North Carolina**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to Occidental Fire & Casualty Company of North Carolina on 1/30/2019.



**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**    **THE STATE OF TEXAS**

**CITATION**

**TO:**    **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**
     **REGISTERED AGENT CT CORPORATION SYSTEMS**
     **1999 BRYAN STREET SUITE 900**
     **DALLAS TX 75201-3136**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **January 22, 2019**, a default judgment may be taken against you.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-258995** and is styled:

**QURBAN MOMIN, YASMIN MOMIN VS OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

The name and address of the attorney for **PLAINTIFF** is:

**JESSE S. CORONA**
**THE CORONA LAW FIRM PLLC**
**12807 HAYNES ROAD BLDG E**
**HOUSTON TX 77066**
**281-882-3531**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 30th day of January, 2019.**

> **DISTRICT CLERK BEVERLEY MCGREW WALKER**
> **FORT BEND COUNTY, TEXAS**
> Physical Address:
> 1422 Eugene Heimann Circle, Room 31004
> Richmond, Texas 77469
> Mailing Address:
> 301 Jackson
> Richmond, Texas 77469
>
> By: _Katherine Chambers_
> Deputy District Clerk **KATHERINE CHAMBERS**
> Telephone: **(281) 344-3959**



**SERVICE**

19-DCV-258995                                **240th Judicial District Court**
Qurban Momin, Yasmin Momin vs Occidental Fire & Casualty Company of North Carolina

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at ____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                      (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This _19_ day of _March_ 20_19_

BEVERLEY MCGREW WALKER

By_____ Deputy
JOYCE WALSHAK

Filed
2/27/2019 12:21 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Katherine Chambers

## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK

### THE STATE OF TEXAS

### CITATION

TO:   **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**
**REGISTERED AGENT CT CORPORATION SYSTEMS**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on January 22, 2019, a default judgment may be taken against you.

The case is presently pending before the 240TH JUDICIAL DISTRICT COURT of Fort Bend County sitting in Richmond, Texas. It bears cause number 19-DCV-258995 and is styled:

**QURBAN MOMIN, YASMIN MOMIN VS OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

The name and address of the attorney for **PLAINTIFF** is:

**JESSE S. CORONA**
**THE CORONA LAW FIRM PLLC**
**12807 HAYNES ROAD BLDG E**
**HOUSTON TX 77066**
**281-882-3531**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, on this the 30th day of January, 2019.

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _Katherine Chamber_
Deputy District Clerk KATHERINE CHAMBERS
Telephone: (281) 344-3860

**ORIGINAL**

**RETURN OF SERVICE**
**SERVICE ON REGISTERED AGENT ORGANIZATION**

Case Name: **QURBAN MOMIN, ETAL** **VS** **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

Cause Number: **19-DCV-258995**                    Court: 240th District Court of Fort Bend County, Texas

| | | |
|---|---|---|
| 1. | Date & Time of Receipt of Specified Documents by process server: | **February 19, 2019 at 9:00 a.m.** |
| 2. | Date & Time of Delivery of Specified Documents to Defendant: | **February 20, 2019 at 12:25 p.m.** |
| 3. | Defendant: | **Occidental Fire & Casualty Company of North Carolina** |
| 4. | Defendant's Registered Agent: | **CT Corporation Systems** |
| 5. | Defendant's Registered Office: | **1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136** |
| 6. | Registered Agent's Employee: | **Terri A. Thongsavat** |
| 7. | Specified Documents: | A true copy of the **Citation** with date of delivery endorsed thereon, with a copy of the **Plaintiff's Original Petition, Plaintiff's Requests for Disclosure, Plaintiff's First Request for Production, Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Admissions** attached thereto. |
| 8. | Method of Service: | by delivering to Defendant, by delivering to Defendant's Registered Agent, by delivering to the Registered Agent's Employee, in person, at Defendant's Registered Office. |

I am certified under order of Texas Supreme Court to serve process, including citations in Texas. I am not a party to or interested in the outcome of this suit. My identification number and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated above. All statements made herein are true. This return is verified or is signed under penalty of perjury.

Signature: _____    [Complete if signed before a Notary]

Servers Print Name: _____

Identification Number: _____

Certification Expires: _____

Signed and sworn to by the said _____ before me on _____ , 20 _____
to certify which witness my hand and seal of office.

_____
Notary Public for the State of Texas

[Complete if not signed before a Notary]

My full name is: **Melissa Kay Perez**. My date of birth is: ███████

My address is: **P.O. Box 27, Red Oak, Texas 75154**; United States.

My server identification number: **PSC 1342**. My certification expires: **7-31-2020**.

I declare under penalty of perjury that the foregoing, including the Return of Service, is true and correct.

Executed in **Ellis County, Texas, U.S.A., on 2-20-19.**

_____
Declarant (signature)

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This ___ day of _March_ 20 _19_

BEVERLEY MCGREW WALKER

By _____ Deputy

JOYCE WALSHAK

Filed
3/18/2019 9:06 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Chambers

CAUSE NO. 19-DCV-258995

| | | |
|---|---|---|
| QURBAN MOMIN, YASMIN MOMIN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | 240TH JUDICAL DISTRICT |

## DEFENDANT OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause and makes and files this, its Original Answer and in reply to Plaintiffs' Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.



3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of



this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

Requests for Disclosure

At the time required by law or the Rules, these Defendant request the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By:  /s/ Mikell A. West
Mikell A. West
State Bar No. 24070832

Attorney for Defendant Occidental Fire and
Casualty Company of North Carolina



## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 18th day of March 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Jesse S. Corona
The Corona Law Firm, PLLC
Email: Jesse@theCoronaLawfirm.com

**VIA E-FILING**

/s/ Mikell A. West
Mikell A. West

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County,Texas,do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This _____ day of _____ 20 ___

BEVERLEY MCGREW WALKER
By _____ Deputy
JOYCE WALSHAK

Filed
3/18/2019 9:06 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Chambers

CAUSE NO. 19-DCV-258995

| | | |
|---|---|---|
| QURBAN MOMIN, YASMIN MOMIN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | 240TH JUDICAL DISTRICT |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury. The jury fee has previously been paid by the Plaintiffs.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By:  */s/ Mikell A. West*
      Mikell A. West
      State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE &
CASUALTY COMPANY OF NORTH CAROLINA



## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 18th day of March 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Jesse S. Corona
The Corona Law Firm, PLLC
Email: Jesse@theCoronaLawfirm.com

**VIA E-FILING**

/s/ Mikell A. West
Mikell A. West

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 19 day of March 20 19

BEVERLEY MCGREW WALKER
By
Deputy
JOYCE WALSHAK



# GAULT, NYE & QUINTANA, L.L.P.

Filed
3/19/2019 12:44 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
James Burnett

4141 S. STAPLES ST., SUITE 210
CORPUS CHRISTI, TEXAS 78411
P.O. BOX 6666, CORPUS CHRISTI, TEXAS 78466
TEL: (361) 654-7008   FAX: (361) 654-7001
WWW.GNQLAWYERS.COM

THOMAS F. NYE
BOARD CERTIFIED
CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

WRITER'S E-MAIL: tnye@GNQlawyers.com

March 19, 2019

Records Department
Fort Bend County Courthouse
301 Jackson St.
Richmond TX 77469
**VIA E-FILE**

Re:   Cause No. 19-DCV-258995; *Qurban Momin, Yasmin Momin v. Occidental Fire & Casualty Company of North Carolina*, In the 240th District Court, Fort Bend County, Texas

Dear Sir/Madam,

Please allow this letter to serve as a formal request for the certified copy of the Fort Bend County District Court's file in the above-referenced case. Please send this certified copy (47 pages) to the below listed address. The $47.00 fee to obtain this copy has been paid at the time of this filing.

ATTN: Zaida L. Villegas
GAULT, NYE & QUINTANA, LLP
4141 S. Staples St., Ste. 210
Corpus Christi TX 78411

Sincerely,

Thomas F. Nye

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County,Texas,do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This ____ day of _____ 20___
BEVERLEY MCGREW WALKER
By_____ Deputy
JOYCE WALSHAK

MCALLEN OFFICE
4900 N. 10TH STREET, SUITE A1
MCALLEN, TEXAS 78504
P.O. BOX 4200 ♦ EDINBURG, 78540
TEL: (956) 618-0628   FAX: (956) 618-0670

BROWNSVILLE OFFICE
114 W. JEFFERSON STREET., STE. A
BROWNSVILLE, TEXAS 78523
P.O. BOX 5959 ♦ BROWNSVILLE, 78523
TEL: (956) 544-7110   FAX: (956) 544-0607